*Judge Hellerstein*

**07 CV 3348**

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
PANGRATIUM MARITIMUM INC.
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PANGRATIUM MARITIMUM INC., :
: 
                    Plaintiff, :
                               :     07 CV
     v.                        :
                               :     **VERIFIED COMPLAINT**
CPM CORPORATION LIMITED,       :
                               :
                    Defendant. :
------------------------------------------------------------x

Plaintiff, PANGRATIUM MARITIMUM INC. (hereinafter "PANGRATIUM"), by its attorneys, Chalos, O'Connor & Duffy LLP, as and for its Verified Complaint against defendant, CPM CORPORATION LIMITED (hereinafter "CPM"), alleges upon information and belief as follows:

### JURISDICTION

FIRST:        The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

SECOND:       At all times material hereto, the Plaintiff, PANGRATIUM, was and still is a foreign corporation or other business entity duly organized and existing pursuant to

the laws of a foreign country, with an office and principal place of business at 80 Broad Street, Monrovia, Liberia.

THIRD: Plaintiff, PANGRATIUM, was at all material times herein the owner of the M/V EL TANGO, a vessel plaintiff charters in exchange for the payment of hire.

FOURTH: At all times hereto, the defendant, CPM, was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Hong Kong, China.

FIFTH: Defendant CPM was at all material times herein the time-charterer of the ocean going vessel M/V EL TANGO.

## BACKGROUND

SIXTH: Pursuant to a charter-party dated March 3, 2006, CPM time chartered the vessel M/V EL TANGO from PANGRATIUM for a fifty (50) to seventy (70) day period for one time charter trip between Korea/China/Japan to the Red Sea range.

SEVENTH: The charter-party dated March 3, 2006 is a maritime contract.

EIGHTH: During the course of the charter-party for the vessel M/V EL TANGO, CPM breached the charter-party by, among other things, breaching clauses 8 and 53 of the charter-party dated March 3, 2006 by allegedly failing to properly perform its obligations in relation to the loading, stowing, and lashing of the cargo.

NINTH: On March 16, 2006, pursuant to instructions received from CPM, the M/V EL TANGO was loaded with 11,504 bags of cement at Tianjin, China. As set forth in the Bill of Lading dated March 16, 2006, these cement bags had a gross weight of 15,011.504 metric tons.

TENTH:    When the vessel arrived at discharge port of Port Sudan, Sudan, there was an alleged shortage of cargo of 1,634 metric tons.

ELEVENTH:    The shortage of cargo claimed by cargo interests was the result of alleged damage from improper and over storage of the cargo by defendant CPM.

TWELFTH:    As a result of CPM's breach of the charter-party, cargo interests asserted a claim against Pangratium in excess of US$168,364.29, including, but not limited to: claims related to the alleged shortage of cargo and freight payments, labor charges and surveying fees.

THIRTEENTH:    The failure of CPM to properly load, stow and secure the cargo was and is a breach of the charter-party which has caused the damages alleged by cargo interests.

FOURTEENTH:    Plaintiff has now settled the claims alleged by cargo interests with payment of US$100,000.000 to the cargo interests, and plaintiff holds CPM liable for these damages plus interest and allowable costs and fees.

FIFTEENTH:    The settlement of US$100,000.00, plus interest and allowable costs and fees in an amount as near as can be estimated of US$80,000.00, makes for a total aggregate claim of US$180,000.00.

SIXTEENTH:    In accordance with the terms and conditions of the Charter Party, dated March 3, 2006 between Plaintiff Pangratium and Defendant CPM, Plaintiff appointed its arbitrator on April 25, 2007 and the merits of the dispute between Plaintiff Pangratium and Defendant CPM will be resolved by arbitration in London.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CPM
### BREACH OF THE CHARTER-PARTY

SEVENTEENTH: Plaintiff repeats and realleges each and every allegation as set forth in paragraphs FIRST through SIXTEENTH above with the same force and effect, and in the alternative, as if fully set forth at length herein.

EIGHTEENTH: Pursuant to the terms and conditions of the Charter Party dated March 3, 2006, the defendant CPM was obligated to properly load and stow the cargo, and to pay for all necessary dunnage, and lashing materials.

NINETEENTH: All claimed damage to the cargo carried on board the M/V EL TANGO pursuant to bill of lading dated March 16, 2007, was caused by reasons for which CPM, as time-charter of the M/V EL TANGO, was in breach of its obligations under the time charter and for which it is responsible pursuant to the terms and conditions of the Charter Party dated March 3, 2006.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CPM
### BREACH OF THE DUTY TO INDEMNIFY PLAINTIFF

TWENTIETH: Plaintiff repeats and realleges each and every allegation as set forth in paragraphs FIRST through NINETEENTH above with the same force and effect, and in the alternative, as if fully set forth at length herein.

TWENTY-FIRST: All claimed damage to the cargo carried on board the M/V EL TANGO pursuant to the bill of lading dated March 16, 2006 was caused by CPM's breach of terms and conditions of the Charter Party March 3, 2006.

TWENTY-SECOND: Pursuant to the terms and conditions of the Charter Party dated March 3, 2006, and general maritime law, the defendant CPM is obligated to indemnify plaintiff for all of the amounts paid in settlement of cargo claims, interest and costs.

TWENTY-THIRD:   The failure of CPM to indemnify plaintiff for the above described cargo claims is a breach of the charter-party for which plaintiff has suffered damages.

TWENTY-FOURTH: As a result of the breach of the charter-party by CPM, plaintiff has and is suffering loses amounting to US$180,000.00.

## PRAYER FOR RELIEF

TWENTY-FIFTH:   In accordance with the terms of the charter-party, plaintiff has initiate arbitration against defendant, in London, England, to assert and prosecute its claims for breach of charter-party and breach of the duty to indemnify, and the merits of plaintiff's maritime claims against defendant will be determined by a panel of arbitrators in England. This action is expressly filed without prejudice to plaintiff's right to assert and prosecute its claims for breach of the duty to indemnify, and breach of the maritime contracts before a panel of arbitrators in England.

TWENTY-SIXTH:   Notwithstanding the fact that the liability of defendant will be determined by a panel of arbitrators in London, there are now, or will be during the pendency of this action, certain assets belonging to the defendant, including among other things, payments for goods or services and the like being made by, on behalf of, or being made from or to the defendant, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

TWENTY-SEVENTH: Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

TWENTY-EIGHTH: Because this Verified Complaint sets form an *in personam* maritime claim against the defendant and defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the requirements for a Rule B Maritime attachment and garnishment are met and plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims against defendants.

WHEREFORE, Plaintiff prays as follows:

1. That defendant be summoned to appear and answer this Complaint;

2. That defendant, not being found within this District, as set forth in the accompanying affidavit of Owen F. Duffy, all of the defendant's assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the defendant within this District to the amount sued for herein be attached pursuant to Supplemental Rule B and the same be attached to pay Plaintiff's damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment by the High Court of Justice or an London arbitration award associated with any of the claims presently pending so that judgment may be entered in favor of Plaintiff for the amount of its claims, i.e. US$180,000.00, with interest and costs, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus interest and costs to be paid out of the proceeds thereof; and,

4. That Plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
April 26, 2007

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
PANGRATIUM MARITIMUM INC.

By: _____
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)
366 Main Street
Port Washington, New York 11050
Tel:     516-767-3600
Telefax: 516-767-3605

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
PANGRATIUM MARITIMUM INC.
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PANGRATIUM MARITIMUM INC.,

                Plaintiff,

v.

CPM CORPORATION LIMITED,

                Defendant.
------------------------------------------------------------x

07 CV

**VERIFICATION OF COMPLAINT**

      Pursuant to 28 U.S.C. § 1746, OWEN T. DUFFY, Esq., declares under the penalty of perjury:

1. I am a partner with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff PANGRATIUM MARITIMUM INC, herein;

2. I have read the foregoing complaint and knows the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       April 26, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605